J. C. PELT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1.  The repetition by an employee, seated at the breakfast table, of a remark that he would not, though ordered so to do, go out with his team before breakfast so long as his knife stayed with him, is not a "sudden and sufficient provocation" within the statutory definition of excusable homicide.

2.  An appellate court cannot say that the trial court should have submitted to the jury the question whether a chair is a "dangerous weapon" when the chair was in evidence, the assailant was before the jury, the person killed thereby was a small man, and the effect of the blow with the chair was to crush the skull at the thickest part.

3.  The evidence warranted the verdict.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Price & Lewis* and *J. W. Kehoe,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

COCKRELL, J.—Under an indictment for murder, J. C. Pelt was convicted of manslaughter and sentenced to a term of seventeen years in the State prison. He assigns error here upon the refusal of the court to give requested instructions upon the theory of excusable homicide, as defined by statute.

Section 3204 of the General Statutes, omitting portions not here germane, reads: "Homicide is excusable when committed * * * by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used, and not done in a cruel or unusual manner."

As to "heat of passion" the accused testified merely that he was angry at the time he struck the blow, a statement brought out upon the cross-examination. See Hoffman v. State, 97 Wis. 571, 73 N. W. Rep. 51. The "sudden and sufficient provocation" consisted of the repetition of a previous remark by an employee, seated at the breakfast table eating with knife and fork, that he would not, though ordered so to do, go out with his team before breakfast, as long as his knife stayed with him, and at the same time making a motion to rise. The blow with a chair immediately followed, causing death within twenty-four hours.

The chair with which the killing was done was exhibited to the court and jury and the evidence is without contradiction that Jack Coley the deceased was a small man about five feet tall and weighed between 114 and 120 pounds. The accused was before the court and jury who might reasonably draw inferences as to the relative sizes and strength of the two men, but the bill of exceptions is wholly silent as to the dimensions, weight or other qualities of the chair, and also silent as to the physical condition of the accused. The blow was struck in anger upon

the head of this small man, so hard as to crush his skull at its thickest part, and we are at a loss to see how we can hold the court in error for failing to submit to the jury a question involving the likelihood vel non of that chair so used producing death or great bodily injury. Blige v. State, 20 Fla. 742.

To hold that an employer may be absolutely excused for braining to death an employee because he refuses or threatens to refuse under possible conditions to obey an order, is abhorrent to all sense of the sacredness of human life, and finds no justification in the quoted statute. The accused on this slight evidence was given the benefit of a charge upon justification in self defense, and further than this the court was not required to go. See Lovett v. State, 30 Fla. 142, 11 South. Rep. 550.

The evidence amply warranted the verdict and the judgment is affirmed.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and PARKHILL, JJ., concur.

HOCKER, J., absent.