JOE GILLYARD, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed March 18, 1913.

1. Where two distinct propositions of law in a charge are excepted to as a whole, the exception must fail, if either one of such propositions is correct.

2. If a defendant wishes to avail himself of the omission of the trial judge to more fully charge the jury upon any point in the case, he should specifically request the desired instruction.

3. Where the evidence does not call for a charge upon murder in the third degree or upon excusable homicide, no error is committed by the failure of the trial court to give such a charge, especially when the same was not requested.

4. Where no errors are made to appear in a criminal cause, and the appellate court is of the opinion that the evidence supports the verdict, the judgment of conviction will be affirmed.

Writ of error to the Circuit Court for Volusia County.

Judgment affirmed.

*R. W. Davis,* and *J. E. Alexander,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

SHACKLEFORD, C. J.—Joe Gillyard was convicted of murder in the first degree and sentenced to death, and seeks relief here from this judgment and sentence. His

third assignment is as follows: "Because the court erred in not granting the defendant a new trial because of his giving in charge to the jury the charges contained in the general charge of the court numbered four, five, ten, thirteen and sixteen."

The only exception taken to any of the portions of the general charge upon which this assignment is based is in the motion for a new trial, under the provisions of Section 1500 of the General Statutes of 1906. Assuming that the portions of the general charge so excepted to are sufficiently identified by reference to the numbered paragraphs thereof and that this is a sufficient compliance with the statute, no point being made thereon, it will be observed that such numbered portions are excepted to *en masse*. It is settled law here that where two distinct propositions of law in a charge are excepted to as a whole, the exception must fail, if either one of such propositions is correct. Bass v. State, 58 Fla. 1, 50 South. Rep. 351, and Peeler v. State, 64 Fla. 385, 59 South. Rep. 899. It is apparent at a glance that these numbered portions of the general charge do contain distinct propositions of law. It is also apparent that some, if not all, of such portions of the charge state the law correctly, especially when construed, as they must be, with the charge as a whole. Only one portion of the charge of which complaint is made is argued and, we think that portion, taken in connection with the other portions, is free from error. This assignment has not been sustained.

The fifth assignment is to the effect that the court in its general charge failed to define all the degrees of homicide, and the sixth assignment questions the failure of the court "to give in charge to the jury the law of excus-

able homicide as contained in Section 3204 of the General Statutes of Florida." It is sufficient to say that no such instructions were requested by the defendant. If he conceived that they were necessary, he should have prepared and submitted the same to the court and, upon the refusal of the court to give them, have excepted to such rulings. See Padgett v. State, 64 Fla. 389, 59 South. Rep. 946. No instructions whatever were requested by the defendant. We are of the opinion that the evidence did not call for a charge as to murder in the third degree nor upon excusable homicide, therefore no error was committed by the failure to give it, especially since the same was not requested. McDonald v. State, 55 Fla. 134, 46 South. Rep. 176; Pelt v. State, 58 Fla. 90, 50 South. Rep. 832.

This disposes of all the assignments, except the first and second, which question the sufficiency of the evidence to support the verdict. A careful reading of the evidence convinces us that the jurors, acting as reasonable men, not only could but should have found the verdict which they did. See Chancey v. State, 54 Fla. 20, 44 South. Rep. 1013, and Bexley v. State, 59 Fla. 6, 51 South. Rep. 278, and authorities there cited.

Judgment affirmed.

TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.

HOCKER, J., absent, concurred in the opinion as prepared.