FLOYD MATHIS v. STATE.

184 So. 89.
Division B.
Opinion Filed October 15, 1938.
Rehearing Denied November 8, 1938.

*Purl G. Adams,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—On the 29th day of April, 1938, plaintiff in error was convicted in the Circuit Court of Okaloosa County, Florida, for the criminal offense of receiving stolen goods, knowing the same to have been stolen, and was by the trial court sentenced to the State Penitentiary at hard labor for a period of three years. The record shows that the plaintiff in error did not have counsel when being tried and upon arraignment entered a plea of not guilty; a jury was obtained and the evidence submitted, with appropriate instructions from the court upon the law of the case.

It is contended by counsel for plaintiff in error that the evidence is insufficient to support a verdict for the State. We have examined the evidence offered and hold that there

is substantial evidence in the record to support the verdict found by the jury. This Court has held by an unbroken line of decisions that a verdict of a jury will not be set aside as against the evidence, unless it may be well assumed that the jury was improperly influenced by considerations outside the evidence. See Kirkland v. State, 93 Fla. 172, 111 So. 351; Whitton v. State, 95 Fla. 97, 111 So. 514. See also Armstrong v. State, 30 Fla. 170, 11 So. 618, 17 L. R. A. 484; Howell v. State, 102 Fla. 612, 136 So. 456, 139 So. 187.

The sentence of the Court, or the judgment, entered in the lower court against the plaintiff in error is as follows:

"STATE OF FLORIDA v. FLOYD MATHIS.

"1. Grand Larceny.
"2. Receiving Stolen Goods.

"The defendant being present at the Bar in the absence of counsel and the State Attorney being present in open court the defendant was asked if he had anything to say why the court should not now pass sentence upon him, he saying nothing in bar or preclusion thereof, the Court proceeded to pronounce the following seentence upon him:

"You, Floyd Mathis, having been found guilty of stolen goods by a jury, therefore, the court now adjudges you to be guilty, it is therefore the judgment of the Court and the sentence of the law that you, Floyd Mathis, do for your said offense be confined in the State Prison at hard labor for a period of 3 years.

"Thereupon the defendant was remanded to the custody of the sheriff."

It will be observed that count 2 of the indictment is drawn under Section 7239 C. G. L., and the gist of the said offense is the unlawful receiving, or aiding in the concealment of stolen goods or property, knowing the same to have been

stolen at the time and when the defendant aided in re-' ceiving and concealing of the property, and the defendant then and there well knowing the said chattels had been stolen, taken and carried away with an intent to steal. The judgment, *supra,* is defective in omitting a material element of the offense as charged, and the cause is reversed, with directions that a proper and lawful judgment be entered herein. See Section 7239 C. G. L.; Perkins v. State, 126 Fla. 707, 171 So. 655.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.