DEWEY WHITEFIELD v. STATE.

188 So. 361.
Division A.
Opinion Filed April 18, 1939.
Rehearing Denied May 5, 1939.

*Ray M. Watson* and *Hendricks & Hendricks* and *R. A. Hendricks,* for Plaintiff in Error.

*George Couper Gibbs,* Attorney General, *H. E. Carter,* Assistant Attorneys General, for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment of conviction of the defendant of the offense of unlawfully purchasing, receiving and aiding in the concealment of certain described property of the value of less than $50.00, which property it is alleged was stolen property and that the defendant so received the same knowing the property to have been stolen.

The information alleged that the property involved was the property of one Jack Levin. The defendant pleaded not guilty and on trial was convicted and now appears as plaintiff in error here.

The first question posed by plaintiff in error is:

"Where information is filed charging the offense of unlawfully purchasing, receiving and aiding in the concealment of certain described property of the value of less than $50.00, knowing the property to have been stolen, alleg ng the ownership to be in a named person, the defendant being duly placed upon trial before a jury, the evidence of the state when introduced proving conclusively that the alleged stolen property was not owned by the person named in the information, but was the property of another; whereupon the Court withdrew one of the jurors from the panel without the consent of the defendant or his attorney and declared a mistrial; thereafter a second information was filed against the defendant charging the same offense in the exact language as in the first information except that the true owner of the property was named in the information had the Court authority to try the defendant twice for the same offense?"

Section 12 of the Declaration of Rights in our Constitution is:

"No person shall be subject to be twice put in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty

or property without due process of law; nor shall private property be taken without just compensation."

Our Statute declares:

"The common law of England in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in this State where there is no existing provision by statute on the subject." See Sec. 5024 R. G. S., 7126 C. G. L.

There is no statutory provision in Florida relieving one who claims the right to be discharged because of former jeopardy of a common law duty of asserting such claim by a plea in bar. The defense of former jeopardy is not at common law permissible under the plea of not guilty. See Bishop's New Criminal Procedure, Vol. 2, Sec. 806.

In Allen v. State, 52 Fla. 1, 41 Sou. 593, it was held:

"The power of the court to discharge a jury who have been sworn in chief before verdict should be exercised only in case of a manifest, urgent or absolute necessity. If the jury are discharged for a reason legally insufficient and without an absolute necessity for it, and without the defendant's consent, the discharge is equivalent to an acquittal, and may be *pleaded as a bar* to any further trial or to any subsequent indictment." (Emphasis supplied).

See also Tufts v. State, 41 Fla. 663, 27 Sou. 218, and Sec. 6059 R. G. S. 8364 C. G. L.

In White v. State, 63 Fla. 49, 59 Sou. 17, this Court held:

"A plea of former jeopardy, a jury having been discharged for inability to agree, should set up facts showing that the jury was discharged arbitrarily or capriciously, or without cause or necessity."

So, not only must the accused plead further jeopardy, but such plea must be sufficient to show that the offense charged upon the trial for which the accused was put in jeopardy is

the identical for which he has been charged and is about to be tried a second or subsequent time. See Wallace v. State, 41 Fla. 547, 26 Sou. 713; Southworth v. State, 98 Fla. 1148, 125 Sou. 345.

As there was no plea of former jeopardy interposed in bar of the prosecution, we can not say upon the record before us that the provision of Section 12 of the Declaration of Rights of the Constitution of the State of Florida was violated.

The Second question posed is:

"Where a defendant is on trial on the sixth floor of a court house, and the evidence develops that there is a prisoner on the nineteenth floor of the court house whose testimony was admissible and vitally material, attorney for defendant advised the court of the detention of the witness, the contents and materiality of his testimony, and requested the court to require the sheriff to produce the witness in order that defendant would have the benefit of his testimony, which request was denied by the court, was the ruling of the court harmful error?"

The record discloses no reasonable effort on the part of the defendant when on trial to procure the attendance of the prisoner referred to in this question as a witness in his behalf.

The Third question challenges the sufficiency of the evidence and the correctness of the charge of the court to the jury.

The fifth question also challenges the sufficiency of the evidence to sustain the verdict.

The evidence has been examined and found amply sufficient.

The information charged that the defendant Dewey Whitfield alias Tish Whitefield and another "on the 17th day of November in the year of our Lord one thousand nine hun-

dred and thirty-seven, in the county and State aforesaid, did then and there unlawfully buy, receive and aid in the concealment of certain stolen property, to-wit: thirty-two cartons of assorted brands of cigarettes, of the value of less than Fifty Dollars, lawful money, of the United States of America, a further and more particular description of said property being to the County Solicitor unknown, of the property, goods and chattels of one Jack Levin, which property was at said time and place stolen property, they the said Dewey Whitefield alias Tish Whitefield and Ernest Harris alias Bo Diddle, at the time of so receiving and aiding in the concealment of the said stolen property, then and there well knowing that the same was stolen property."

The verdict of the jury was:

"We, the jury, as Miami, Dade County, Florida, this 2nd day of March A. D. 1938, find the defendant Dewey Whitefield alias Tish Whitefield Guilty as charged. So say we all:"

The verdict was responsible to the information and is sufficiently certain.

The record does not disclose that the defendant in the court below requested any charges or instructions to the jury which were not given. Nor have we been able to find wherein the charge of the court was insufficient to advise the jury of its province and duty in determining issues presented.

It is well settled that where the general charge fairly presents the case to the jury a party who desires an instruction on some particular question or point of law should request it and, failing to do so, he cannot successfully base an assignment of error on what he conceives to be an omission. See Padgett v. State, 46 Fla. 389, 59 Sou. 946; Gillyard v. State, 65 Fla. 322, 61 Sou. 641; Hicks v. State, 75 Fla. 311, 78 Sou. 370; Hobbs v. State, 77 Fla. 228, 81 Sou. 444.

The Fourth question posed is:

"Where an information charges a defendant with four substantive offenses, and it being impossible for the defendant to commit all four of the offenses charged, and the jury finding the defendant guilty of all four of the offenses charged, and did the court err in over-ruling defendant's motion for new trial?"

The contention is without merit. See Hamilton v. State, 129 Fla. 219, 176 Sou. 89, where it was held:

"Statute making it offense to buy, receive or aid in concealment of stolen money, goods or property, knowing same to have been stolen, states but one offense, though giving three methods by which offense may be committed and information may charge in one count all three methods of committing offense if joined by 'and' instead of 'or' and proof of any one of the methods alleged will sustain conviction for offense. (Comp. General Laws, 1927, Sec. 7239).

"Information alleging that accused did unlawfully have receive and aid in concealment of certain goods which merchandise had been 'theretofore' stolen and that accused at time of committing the offense knew the same had 'theretofore' been stolen was not insufficient by reason of use of word 'theretofore' which had been judicially defined to mean before then. (Comp. Gen. Laws, 1927, Secs. 7239)."

The Sixth question challenges the action of the Court in overruling defendant's motion for a new trial. The motion for new trial, at most, presented the identical questions which we have heretofore disposed of.

Upon consideration of the whole record, no reversible error is found, and, therefore, the judgment is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.

ON REHEARING

PER CURIAM.—On petition for rehearing it is urged that it is not necessary to plead in bar a former jeopardy as is required under the common law and petitioner cites Bishop on Criminal Laws, 9th Edition, Sec. 982, pages 728-729; Sec. 1012, sub-section 2, page 749.

We entirely agree with the statement of legal principles thus enumerated.

But, whether or not one charge with the commission of a criminal offense is in position to claim and have the protection of Section 12 of the Declaration of Rights is a question of fact.

There must be something more than a mere claim of former jeopardy. There must be a timely assertion of the claim by and with such allegations as are sufficient to show if proven by the accused or admitted by the State that the provision of the Constitutional right, *supra,* is about to be, or is being violated. Wallace v. State, 41 Fla. 547, 26 Sou. 713; Southworth v. State, 98 Fla. 1148, 125 Sou. 345.

A mere assertion of the conclusion that the accused has beforetime been placed in jeopardy under an information or indictment charging the same offense is not sufficient because such assertion presents no traversible statement of facts and tenders no issues of fact to be determined upon which to base an adjuication.

This must not be true, else the Constitution provides a splendid avenue of escape of the guilty. For instance, Doe enters and holds up First National Bank of X and robs the

Bank of $5,000.00   He then proceeds down the street and holds up and robs the Peoples National Bank of X of $5,-000.00.   He is placed on trial under a charge of robbery of First National Bank of X but there is a failure to identify him as the perpetrator of the robbery and he is acquitted. He is then placed on trial charged with the robbery of Peoples National Bank of X.   The language of the informations is identical except of the words "First" in one and the word "Peoples" in the other.   As to the latter he pleads "not guilty" and on trial is identified and convicted.   May he be granted a new trial on the mere assertion in motion that the two informations constituted and were one and the same offence?   Certainly not.

On the other hand, if, on being arraigned on the second information he filed a plea containing sufficient allegations to show that both informations referred to and charged the commission of one and the same criminal act and one and the same substantive criminal offense, the State could either admit the allegations of the plea or join issue thereon and try the issue of fact there presented.

It may be that the accused in this case would have interposed and proved a good plea but it must be presumed that if he could have done so he would have pursued that course.

Petition for rehearing is denied.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by section 4687 Complied General Laws of 1927 and Rule 21-A of the Rules of this Court.