THEODORE BRYAN v. STATE OF FLORIDA
3 So. (2nd) 509
Division B
Opinion Filed August 1, 1941

*W. W. Flournoy,* for Appellant;

*J. Tom Watson,* Attorney General, *Joseph E. Gillen* and *Woodrow M. Melvin,* Assistant Attorneys General, for Appellee.

CHAPMAN, J.—The plaintiff in error, Theodore Bryan, was informed against by the State Attorney in the Circuit Court of Walton County, Florida, in four separate counts. He was placed on trial and at the conclusion of the State's case, the State Attorney elected to rest the State's case on counts one and four of the information. The first count charged the defendant below with larceny of a Ford coupe automobile on May 21, 1940, in Walton County, Florida, and the property of Phil Harris; while count four charged that Theodore Bryan did buy, receive, and aid in the concealment of one Ford automobile motor, property of J. Phil Harris and of the value of $75.00 on May 21, 1940, in Walton County, Florida, well knowing that the motor had been stolen.

The defendant below was convicted by a jury under count four of the information and was by the trial court sentenced to serve a period of two years at hard

labor in the state prison, and from this judgment and sentence an appeal has been perfected to this Court.

The record discloses that at the conclusion of the taking of testimony on the part of the State and after the State Attorney announced that the State rested its case, counsel for the defendant below moved the court to direct the jury to return a verdict for the defendant on the ground that the testimony adduced was insufficient to support a verdict for the State of Florida, and the same was by the trial court overruled and denied.

In a motion for a new trial it was alleged that the evidence adduced was legally insufficient to sustain the verdict; likewise that the verdict was contrary to law and that during the progress of the trial reversible error was committed in the receipt of evidence seasonably objected to by counsel for defendant. It was contended that the instructions of the court to the jury on the law of the case was not only harmful but prejudicial to the rights of the defendant, and that the trial court committed reversible error in refusing to give at the request of counsel for defendant certain instructions to the jury. These, along with other reasons, are urged here for a reversal of the judgment entered in the lower court.

The evidence shows that Phil Harris parked his Ford coupe automobile near a rooming house in DeFuniak Springs, where he spent the night. The car disappeared during the night and some two months thereafter the chassis was found near DeFuniak Springs and the defendant had the possession of the motor, which bore the same number as the chassis. Several explanations of the possession of the motor were given by the defendant to different persons called as wit-

nesses for the State. The defendant gave testimony in his own behalf but did not produce other witnesses.

We have considered the several grounds of the motion for a new trial and the motion for a directed verdict made at the conclusion of the State's case; and the objections of counsel to the admission of testimony during the progress of the trial, and the requested charges which were refused by the trial court on the theory that the requested charges were covered by other charges given. These several contentions have been considered in the light of the entire record and it is our conclusion that the disputes and conflicts in the testimony presented purely jury questions to be settled by it under appropriate instructions. We fail to find error in the record.

Affirmed.

BROWN, C. J., TERRELL and THOMAS, J. J., concur.