## W. L. HOUCHINS v. STATE OF FLORIDA

17 So. (2nd) 82                     January Term, 1944
March 10, 1944                              Division A

*George A. Gibbs* and *Whitaker Brothers,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

ADAMS, J.:

Appellant was convicted of embezzlement. The information upon which he was tried charged a violation of the Uniform Sales and Securities Act in one count and embezzlement in another.

Before pleading to either charge, appellant moved to quash on the ground that the information charged two separate, distinct and unrelated offenses. He also moved to require the state to elect which count it would prosecute. The trial court denied the motion to quash and also refused to require the state to elect but did order separate trials. Appellant was tried on the first offense and the jury acquitted him. He was then required to go to trial on the embezzlement charge, a jury was waived and the case was tried before the court resulting in a conviction.

The state admits that the information contains two separate, distinct and unrelated offenses but says if this be error, it is harmless by Sec. 906.25 and 924.33, F.S. '41, F.S.A. Can it be said then that the error is not substantial in nature? Was it not an error so fundamental in character as to injuriously affect the rights of the accused? Section 11 of our Declaration of Rights contemplates that an accused shall have certain rights with regard to the *accusation* against him. Accusation is in the singular. This is a constitutional safeguard designed, as were the other guaranties therein contained, for the accused's protection. The reason is to prevent a designing prosecutor from including in one information or indictment two unrelated charges and when tried

upon one the accused would be prejudiced by the presence of the other charge before the jury. We do not intimate that such was the case here but our decision when interpreting the law is to guard against not what actually happened but what might happen if such procedure is permitted.

From our study of our statute cited above, we are convinced that the Legislature made no attempt to authorize the inclusion of two or more separate and distinct charges in the same information or indictment where the charges did not arise out of the same incident or transaction. Such legislation, if permissible, would have been a radical departure from the established law of the land and should therefore unequivocally express such intention rather than to imply it. See Bishop on Criminal Procedure, 3 Ed., Vol. 1, pg. 277; Bishop's New Criminal Procedure, Vol. 1, pg. 277; Wharton's Criminal Law, 10 Ed., Sec. 414; People v. Aiken, 66 Mich. 460, 33 N. W. 821; Kotter v. People, 150 Ill. 441, 37 N. E. 932.

Election by the prosecution, whether by act of the prosecution, order of the court or by operation of law, is inapplicable here because this is not a case where the offenses charge all grew out of the same transaction. The question presented herein was decided by this Court in Griswold v. The State of Florida, 77 Fla. 505, 82 So. 44, wherein we said:

". . . If the count contained charges of two distinct and separate offenses it would have been demurrable for duplicity. If it had contained two inconsistent counts or in two counts charged inconsistent offenses, it would have been subject to a motion to elect upon which count the defendant should be tried. . . ."

We hold the information was bad and should have been quashed on motion in the first instance, hence the judgment is reversed with directions to quash the information.

Reversed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.