On Rehearing
BARNS, Justice
(dissenting).
An information was filed against the appellant charging him and twenty-three other defendants in six counts with violations of the lottery law. The defendant made a motion to quash the information which motion was denied. After a severance, the case against the appellant went to trial *127 and the jury returned a verdict of giiiltyon the second and’ sixth 'counts. Appellant’s motion for new trial was denied' and he was sentenced to three years’ imprisonment on the second' count, whereupon he appealed. We find harmful error to have occurred and reverse.
Appellant’s brief purports to argue assignment of errors 21, 41, 81 and 98. None of these assignments designate any identified judicial act according to the facts and circumstances as they occurred' nor does the brief attempt to correlate any identified judicial act to any assignment, therefore they fail. See Redditt v. State, Fla., 84 So.2d 317.
Appellant’s first assignment of error' is that the trial judge erred in overruling defendant’s motion to quash the information. A ground of the motion to. quash was that the information did not show any connection between the defendant Redditt and the 23 other co-defendants, i. e., a misjoinder of defendants. In denying the motion the court erred and the harmful consequences are established as hereinafter pointed out.
The first count charged that Redditt and Blackburn, Norma Bridges, Lawrence Wall and' Sing Wall did set up, promote and conduct a lottery partly in the counties of
Osceola, Orange, Hillsborough, DeSoto and Polk; that Frank Duskin committed a like offense partly in the counties of Osceola, Orange, Hillsborough, and Polk; and that Geraldine Berry committed a like offense in the counties of Hillsborough and ' Polk.
The second count. charged that Redditt and -the four others named in the first count did “aid and assist in setting up, promoting and qonducting a lottery” and also were “interested in and connected with” said lottery in the five counties above mentioned; that Frank Duskin did 7a.id and assist in ' setting up, promoting and conducting a lottery” and was “interested in and connect- . ed with” a lottery in the counties of Osceo-. la, Orange, Hillsborough and Polk; that Elouise Broadnax and fifteen other named defendants did aid and assist in “setting up, promoting and conducting a lottery” in Polk County and were “interested in and connected with the said lottery”; that Geraldine Berry and Sam Cagnina did “aid and assist in setting up, promoting and conducting of a lottery” and were “interested' in and connected” with said lottery in the counties of Hillsborough and Polk. This count is set forth in the footnote in full.[1]
That third count charged that Redditt and the four others as named-in the.first count did in Polk County “have in their *128 possession implements and devices for conducting a lottery” and were “interested in the conducting of the aforesaid lottery and possessed said implements and devices for said purposes; that said offense was committed partly in the Counties of Osceola, Orange, Hillsborough, DeSoto and Polk; that Elouise Broadnax and fifteen other named defendants were likewise possessed of implements and devices and likewise interested in conducting said lottery in Polk County; that Frank Duskin did in Polk County have in his possession implements and devices for conducting a lottery and was interested in the conducting of the aforesaid lottery which offenses were committed partly in the Counties of Osceola, Orange, Hillsborough and Polk; that Sam Cagnina did in Polk County have in his possession certain implements and devices for the conducting of said lottery and was interested in the conducting of said lottery and possessed said implements and devices for such purposes and said offenses were committed in the Counties of Hillsborough and Polk.
The fourth count charged that Redditt and the four other named defendants did sell and offer for sale tickets, coupons and shares in a lottery and that said offense was committed partly in the Counties of Osceola, Orange, Hillsborough, DeSoto and Polk; that Geraldine Berry did sell and offer for sale tickets, coupons and shares partly in Counties of Hillsborough and Polk; that Elouise Broadnax and fifteen other named defendants likewise sold and offered for sale like matter in Polk County.
The fifth count charged that Redditt and the four other named defendants did transmit lottery tickets, coupons and shares partly in the Counties of Orange, Hillsbor-ough, DeSoto and Polk; that John Henry Speed did transmit lottery tickets, coupons and shares in Polk County; that Geraldine *129 Berry did transmit lottery tickets, coupons and shares in Polk County; that Frank Duskin did transmit lottery tickets, coupons and shares partly in the Counties of Osceola, Orange, Hillsborough and Polk.
The sixth count charged that Redditt and Blackburn attempted to operate and conduct a lottery in Polk County.
Misjoinder of offenses and offenders does not render an indictment or information incapable of supporting a verdict, Dowling v. U. S., 5 Cir., 49 F.2d 1014, but it is not good practice to join counts charging distinct and unrelated offenses against separate defendants, Todd v. U. S., 5 Cir., 48 F.2d 530; and a count charging two or more offenses against the same offender is duplicitous, Johnson v. State, 51 Fla. 44, 40 So. 678; McGahagin v. State, 17 Fla. 665; Griswold v. State, 77 Fla. 505, 82 So. 44.
Two or more persons may properly be jointly charged when they engage in committing a criminal act making each of them guilty of the crime, or where the same evidence as to the act applies to all of them. On an indictment or information against two or more persons, charging them with a joint offense, either may be found guilty, for the charge, is several, as well'as joint, against all and each of them. Objections for misjoinder of parties or offenses or for duplicity of an indictment’or information, or any of the counts thereof, must be made by demurrer or motion to quash before plea to the merits.
The reason for proscribing duplicitous counts, misjoinder of offenses and mis-joinder of offenders is to avoid embarrassment in preparing and presenting a defense to each charge, to insure a fair trial as to each charge, and to avoid the danger of evidence against one defendant being improperly applied against another defendant.
In support of the denial of Redditt’s motion to quash the appellee relies upon F.S. § 906.25, F.S.A., as follows:
“906.25 Defects and variances. No indictment or information shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment or information, or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.”
This statute relates to defects in form and misjoinder of offenses and not to defects in substance or misjoinder of defend-, ants.
In Houchins v. State, 154 Fla. 283, 17 So. 2d 82, 83, the court concerning F.S. § 906.-25, F.S.A., held:
“From our study of our statute cited above, we are convinced that the legislature made no attempt to authorize the inclusion of two or more separate and distinct charges in the same information or indictment where the charges did not arise out of the same incident or transaction. Such legislation, if permissible, would have, been a radical departure from, the established law of the land and should therefore unequivocally express such intention rather than to imply it. See Bishop on Criminal Procedure, 3. Ed., Vol. 1, p. 277; Bishop’s New Criminal Procedure, Vol. 1, p. 277; Wharton’s Criminal Law, 10 Ed., Sec. 414; People v. Aiken, 66 Mich. 460, 33 N.W. 821, 11 Am.St.Rep. 512; Hotter v. People, 150 Ill. 441, 37 N.E. 932.”
In the case.of United States v. McConnell, D.C., 285 F. 164, text 166, the court concerning a federal statute. permitting joinder of offenses, held:
“ * * * While, under section 1024, R.S. (Comp.St. § 1690)., it is. allowable to join in one indictment several charges against any person .for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or *130 transactions^ of the same class' of crimes or offenses which may be properly joined, instead of having several indictments, there is no authority under the law for joining in one indictment, even in' separate counts, such charges against different persons, and, where they are against the same persons, each charge must be set out in a different count.”
The information did not charge a conspiracy but was such as to permit proof against' each defendant of the offenses charged as-were within the scope of section 849.09, F.S. 1951, F.S.A. The charges against Redditt, Blackburn, Bridges, Lawrence Wall and Sing Wall were not less than twelve charges against each, totalling sixty as to these five defendants. The total number of offenses charged against the twenty-four defendants exceed one hundred. Some testimony was introduced over the objection of defendant Redditt incriminating many of the other defendants, who were not on trial, which evidence tended to incriminate the defendants Blackburn, Bridges, Lawrence Wall and Sing Wall, and other defendants, but not Redditt for want of the showing any privity of Redditt with the transactions, or with a lottery to which the transactions related. The foregoing finding is not true as to all transactions established by the evidence but is true as to many.
Under the foregoing circumstances the jury was instructed on the law of criminal conspiracy as set forth in the footnote.[2] To do so was harmful error. The instruction was objected to at the time and the objection was overruled. The admission of evidence relating to the “conspiracy” was objected to and the objection was overruled.
The duplicitous counts of the information against Redditt, together with the mis-joinder of co-defendants tended to confound the accused in his defense and to prejudice him in holding him out to the jury as an habitual criminal and these cir *131 cumstances were worsened by the irrelevant instruction to the jury on criminal conspiracy. It cannot be said that the defendant has not been embarrassed and prejudiced in his defense or that the jury has not been distracted to his injury. The court erred in denying the appellant’s motion to quash and the subsequent proceedings established that it was not harmless error.

. Count 2. “Clifton M. Kelly, County Solicitor for the County of Polk, prosecuting for the State of Florida, in the said County,'' under Oath, further charges that Harlan Blackburn alias Thomas Davis, John Cecil Redditt also known' as Cecil Redditt "also 'known as Cecil Reddick, Norma Bridges, Lawrence Wall and Sing Wall on the lst'dáy of April, A.D. 1952, and the 22nd day of September, A.D. 1952, did in Polk County, Florida, unlawfully aid and assist in the setting up and' promoting and conducting of a lottery for money; which said lottery is commonly known as Cuba and bolita, and the said Harlan Blackburn alias Thomas Davis, John Cecil Redditt also known as Cecil Redditt,' Norma Bridges, Lawrence Wall and Sing Wall were interested in and connected with the said lottery, which said lottery is commonly known as bolita and Cuba;' that said offense was committed at said time by Harlan Blackburn alias Thomas Davis, John Cecil Redditt also known as Cecil Redditt also known as Cecil Reddick, Norma Bridges, Lawrence Wall and Sing Wall were interested in and connected with the said lottery, which said lottery is commonly' known as bolita and cuba; 'that said offense was committed at said time by Harlan Blackburn alias Thomas Davis, John Cecil Redditt also known as Cecil Redditt also known as Cecil Reddick, Norma Bridges, Lawrence Wall and Sing Wall partly in Osceola County, Florida, Orange County, Florida, Hillsborough County, Florida and DeSoto County, Florida, as well ’as in said Polk County, Florida, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Florida; and that Frank Dus-kin on the 1st day of April A.D. 1952, and at divers- other times between the-1st day of April A.D. 1952, and the 22nd *128 day of September, A.D. 1952, did, in Polk County, Florida, unlawfully aid and assist in the setting up and promoting and conducting of a lottery for money, which said lottery is commonly known as Cuba and bolita, and the said Frank Duskin was interested in and connected with the said lottery, which said lottery is commonly known as bolita and Cuba; that said offense was committed at said time by Frank Duskin partly in Osceola County, Florida, Hillsborough County, Florida, and Orange County, Florida, as well as in said Polk County, Florida, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Florida; apd that Elouise Broadnax, Hattie Eads, Laura Merritt, Elizabeth Roberts, May-zene Brown, Agnes Hester Brundridge, Elouise Miller, Ira Miller also known .as Era Miller also known as Ivery Miller, Arthur AVilliams, Jessie Mae Goldwire, Annie Mae Robinson, Douglas Troutman, Wallace Wilspjj, M, D. Lee, John Henry Speed and Philip Lina on the 1st <Jay of April, A.D, 1952, and at divers other times .between the 1st day of April, A-D. 1952, and, the ¡¡¡2nd day of September, AjD, 1952, did,, in Polk County, Flo rid,a, unlawfully aid and assist in the setting up. .and promoting and conducting of a lottery for money, which said lottery is, commonly kpown as Cuba and bolita, and the said Elouise Broadnax, Hattie Eads, Laura Merritt, Elizabeth Roberts, Mayzene Brown, Agnes Hester Brun-dridge, Elouise Miller, Ira Miller also known as Era Miller also known as Ivery Miller, Arthur Williams, Jessie Mae Gold-wire, Annie Mae Robinson, Douglas Troutman, Wallace Wilson, M. D. Lee, John Henry Speed and Philip Line were interested in and connected with the said lottery which said lottery is commonly known as bolita and Cuba, contrary to the form of the statute in such case made and provided and against the peace .and dignity of the State of Florida; and that Geraldine Berry and Sam Cagnina on the 1st day of April, A.D. 1952, and at divers other times between the 1st day of April, A.D. 1952, and the 22nd day of September, A.D. 1952, did, in Polk County, Florida,, unlawfuly aid and assist in the setting up and promoting and conducting of a lottery for money, which said lottery is commonly. known as Cuba and bolita, and the said. Geraldine Berry and Sam Cagnina were interested in and connected with the said lottery, which said lottery is commonly known as bolita and Cuba; that said offense was committed at the said Hills-borough County, Florida, as well as in said Polk County, Florida, contrary to the form of the statute in such ease made and provided and against the peace and dignity of the State of Florida.”

. “There has been submitted before you in this case testimony of what is known as conspiracy, that is, an unlawful agreement between certain parties to violate the law. Now, the testimony, while this defendant is not charged with a conspiracy, nevertheless, the fact that he may have agreed with others to violate this law, if you believe that he did, may be considered by you in your determination of whether or not there was an actual violation of the law.
“That is, if you believe that he agreed with some one or more persons to violate this law, then you may consider that as a circumstance in determining whether or not the law was actually violated, the fact that he agreed to violate it, although he is not charged with that.
“A conspiracy is, of course, one or more persons entering into an agreement for an unlawful purpose.
“A co-conspirator, or an accomplice. As to co-conspirators or accomplices, the general rule is well settled and if two or more persons enter into a combination or confederation to accomplish an unlawful act, then any act done by any of the participants in pursuance of the original plan in reference to the common object is in contemplation of law, the act of all. Each conspirator is responsible for everything done by the confederates, which follows incidentally as one of the natural and probable consequences in the execution of the common design, even though such a consequence was not intended as a part of the original design or common plan.
“Where two or more persons, whether by prearrangement or upon an emergency enter into a common purpose which contemplates the commission of a criminal offense, each is a co-conspirator and each is a conspirator, and each conspirator is answerable for the acts of his co-conspirators, if the acts be in furtherance of the conspiracy, or the matter of a direct and proximate result of such conspiracy. A conspirator is not criminally liable for every incidental result arising from the acts of his co-conspirators, but only for such as could be reasonably foreseen.
“That is the reason there was allowed to go before you testimony that would not otherwise be admissible, that is, testimony that was of things that happened out of the presence of this defendant. If they related to an agreement in which he was involved to violate .the law, then they are admissible as the statements of co-conspirators.”