WARREN, Associate Justice.
The county solicitor filed an information against the defendant (appellant) in two counts, 1, charging possession of moonshine whiskey without having affixed to the immediate containers the Florida excise liquor stamps, F.S. § 562.15, F.S.A., and 2, removing, depositing or concealing an untaxed intoxicating beverage, F.S. § 562.32, F.S.A.
The defendant raised the defense of former jeopardy by filing a motion to quash the information on the following grounds: ‘T. That said information is insufficient and not according to law. 2. That your defendant, Edmond Marshall, is one and the same person who was heretofore charged, tried, convicted and sentenced in this Honorable Court for possession of the same untaxed liquor of which he is charged in this information,, the former case number being No. 22558. 3. That your defendant has heretofore been in jeopardy for commission of the same offense for which he is herein charged; and further proceedings upon this charge are contrary to the laws and Constitution of the State of Florida.”
Although no pleading was filed by the state to the motion, the court below denied it, and the case was tried without a jury. Counsel for the state and the defendant stipulated that the testimony taken in a former case be considered as the testimony in the case now on appeal, that the liquor offered in evidence in the other case had no Florida excise liquor stamps affixed and that the liquor was deposited or concealed, as alleged in the information. At the trial the court further considered and denied the defendant’s defense of former jeopardy, found the defendant guilty and, after motion for new trial was denied, he was sentenced to confinement in the state prison for one year.
The questions before the court may be stated to be the sufficiency of the plea of former jeopardy and the sufficiency of the evidence to sustain the verdict.
The defendant contends that the trial court erred in denying the motion to quash the information based upon former jeopardy. A comparison of the motion with the requirements for such defense, as set forth in O’Brien v. State, 55 Fla. 146, 47 So. 11, will plainly show that it is insufficient, there being no need to comment further than to say that there was not set out the necessary matters of record, for the nearest the record informs this court of the former charge against defendant and the result thereof, in addition to what is found in the motion, is a preliminary statement by the county solicitor at the trial that “heretofore this defendant Edmond Marshall was charged with possession of untaxed liquor and there was a trial before the court and he was adjudged guilty by the court,” and the fourth ground of the motion for new trial which asserts “that the defendant has been tried, convicted and sentenced in this Court for possession of the same untaxed liquor in case numbered 22558, said conviction constituting former jeopardy for the offense in the above styled charge.” See also Strobhar v. State, 55 Fla. 167, 47 So. 4, 7; Whitefield v. State, 137 Fla. 552, 188 So. 361; 22 C.J.S., Criminal Law, § 441 b. The essentials to sustain the defense were not shown. King v. State, 145 Fla. 286, 199 So. 38.
Nor did the court err in denying the motion herein without any pleading directed to it by the state. Strobhar v. State, supra; O’Brien v. State, supra; King v. State, supra. In the last case, the state demurred ore tenus. The case of Hagan v. State, 116 Fla. 553, 156 So. 533, cited by the defendant, is distinguished, there being filed therein a sufficient plea of former jeopardy which required pleading to it by the state.
Defendant argues in his brief that the former conviction of defendant of the charge of possessing the said moonshine whiskey is a lesser and included offense and is, therefore, a bar to further prosecution, *3 the principle being stated in Southworth v. State, 98 Fla. 1184, 125 So. 345, which case refers to Sanford v. State, 75 Fla. 393, 78 So. 340. He also calls our attention to the precept found in State v. Bowden, 154 Fla. 511, 18 So.2d 478, 480, to wit, “If the indictment on the first trial was such that the defendant might have been convicted under it on the evidence by which the present information is sought to be sustained, the jeopardy which attached on the first trial constitutes a protection against a subsequent trial on the second charge.” These considerations, however, presuppose a proper plea of double jeopardy, containing matters of record. This court is not acquainted, nor was the court below by the motion to quash made acquainted, with the former conviction.
Upon the matter of the sufficiency of the evidence, it is remembered that it was stipulated between counsel that the testimony taken in the former case would be considered as the testimony in the case before the court, with the further stipulation that the liquor involved in the former case did not have affixed to it the state excise liquor stamps, and that the same liquor was also deposited or concealed. The evidence was that a deputy sheriff, who knew the defendant, went to' his place of residence to execute a search warrant. It was served on defendant’s wife, the defendant not being at home. A search revealed a trap inside the back door, in which was found twenty eight full five-gallon jugs of whiskey, one five-gallon jug with approximately one and a half gallons in it, seven gallons of whiskey in one-gallon jugs, and one half of a gallon of whiskey in a one-half gallon jug, the same being moonshine whiskey. The occupant told the witness that she was the defendant’s wife and gave him her given name. At the conclusion of the evidence defendant’s counsel stated that he was not going to introduce evidence that it was not moonshine whiskey, nor was he going to make any point as to whether defendant was taken into custody. There was no cross-examination of the officer, or evidence given on behalf of the defendant.
Coupled with the stipulations of counsel, there was sufficient evidence to find the defendant guilty under the charges. Reynolds v. State, 92 Fla. 1038, 111 So. 285.
Affirmed.
DREW, C. J., and TERRELL • and THORNAL, JJ., concur.