107 So.2d 284 (1958)
Harry Thomas CHANNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 319.
District Court of Appeal of Florida. Second District.
October 1, 1958.
Petitions for Rehearing Denied December 23, 1958.
*285 Joseph A. Varon, Hollywood, and Phillips & Hathaway, West Palm Beach, for appellant.
Richard W. Ervin, Atty. Gen., and John C. Reed, Asst. Atty. Gen., for appellee.
*286 KANNER, Chief Judge.
Appellant was informed against on three counts: one, breaking and entering a certain dwelling house with intent to commit a felony, grand larceny; two, knowingly receiving stolen property, a ring of the value of over $50; and three, knowingly receiving stolen property, a ring of the value of over $50. Trial on these charges was before the same jury; the appellant was found guilty on each count and sentenced under count one to fifteen years; under count two to four years, said sentence to run consecutively to the sentence under count one; and under count three to four years, said sentence to run consecutively to the sentences under counts one and two. The offenses were three separate crimes involving different owners and properties.
Appellant urges that the denial by the trial court of his motion to quash was error. Primarily, the basis of his argument is that there was a misjoinder of offenses in that each count concerned a felony distinct and separate from the others, and with no showing that the charges arose out of the same transaction.
A reference to the motion to quash reveals that it contained five grounds, none of which attacked the information because of misjoinder of offenses. Mainly the fundament of the attack was that the information was vague or failed to charge any crime known to the laws of the State of Florida. A motion to quash must specify distinctly the ground of the objection relied on. Section 909.03(1), Florida Statutes, F.S.A. The motion here was completely devoid of any objection to misjoinder of offenses. Because of this failure, an attempt to raise this objection by appellant for the first time in his brief now comes too late, and especially so since there was no specification of such objection in the assignments of error. Moreover, it is not made to appear that the information in the instant case as to misjoinder of offenses or for other cause was so vague, indistinct, and indefinite as to mislead or embarrass the appellant in the preparation of his defense, nor to subject him to the danger of a new prosecution for the same offense. Section 906.25, Florida Statutes, F.S.A.
Appellant further urges that the trial court erred in denying his motion that the state elect as to which count it would stand upon for conviction. It is an acknowledged rule in the Florida jurisdiction that, if various counts composing an information or indictment are not repugnant to or inconsistent with one another, the granting or the denial of a motion to elect rests within the sound judicial discretion of the trial court. Pearce v. State, 1940, 143 Fla. 347, 196 So. 685; Mayers v. State, 1936, 126 Fla. 640, 171 So. 824; and Houchins v. State, 1944, 154 Fla. 283, 17 So.2d 82. It takes only a cursory examination of the information here to observe that the counts are neither repugnant nor inconsistent one with the other; nor does it appear that a conviction under any of the counts would preclude conviction under either of the two remaining counts. Nothing is revealed to indicate that the trial court committed an abuse of discretion by his refusal to grant the motion to elect.
The first count charged breaking and entering a dwelling house with intent to commit a felony, to wit, grand larceny. Appellant challenges the sufficiency of the evidence to support his conviction under this count. There was positive testimony that appellant was in and was seen leaving the dwelling house involved, that the doors and windows and places of entrance were closed, and that he fled the scene and was pursued. However, there was no showing that appellant took anything from the house and no showing of the value of the property that was in the house. But there was testimony that there was property in the house and testimony by a maid that she heard a noise like a closet door and dresser drawers being opened and closed. It could reasonably be inferred from the circumstances and from the testimony that the breaking and *287 entering was with the intent to take personal property of some value.
The evidence introduced by the state, although inadequate to meet the test required to sustain a verdict for the higher offense, was sufficient for the case to be submitted to the jury for determination of whether appellant was guilty or innocent of breaking and entering a dwelling house with intent to commit a misdemeanor, to wit, petit larceny. See cases of Green v. State, 1933, 113 Fla. 237, 151 So. 898, and Jalbert v. State, Fla. 1957, 95 So.2d 589. The appellate court under such circumstance is authorized to reverse the judgment where it is established that the accused is guilty of a lesser degree or offense necessarily included in the offense charged, directing the trial court to enter judgment for the lesser offense and pass sentence accordingly. Section 924.34, Florida Statutes, F.S.A.; Bronson v. State, 1942, 152 Fla. 28, 10 So.2d 718; and Jalbert v. State, supra.
Appellant attacks the sufficiency of the verdicts under counts two and three to support the judgment and sentences consequent upon them. In form and substance the verdicts returned as to counts two and three are alike, except as to the count number. Thus the verdict as to count two reads:
"We, the jury, at Fort Lauderdale, Broward County, Florida, this 21st day of March, A.D. 1957, find the defendant guilty as to receiving stolen property and the value to be more than ($50.00) Fifty Dollars as to Count II. So Say We All."
Appellant contends that the verdicts are a nullity and relies upon the case of Harris v. State, 1907, 53 Fla. 37, 43 So. 311. The verdict in that case reads:
"We, the jury, find the defendant guilty of receiving stolen goods; so say we all."
The Supreme Court held that this verdict was not responsive to the charge contained in the indictment and was a nullity in that an essential element of the crime is the knowledge on the part of the accused that the property received was stolen.
Verdicts rendered in criminal cases are required to be certain and should signify a definite meaning devoid of ambiguity. However, they should be considered with respect to the indictment or information and the entire record, and any words which impart beyond a reasonable doubt the meaning and intention of the jury are sufficient, and all fair intendments will be effectuated to sustain the verdict. Chavers v. State, Fla. 1950, 45 So.2d 180.
In the case of Licata v. State, 1929, 81 Fla. 649, 88 So. 621, 622, the following verdict was returned.
"We, the jury, find the defendant guilty of receiving stolen goods as charged in the information to the amount of one case of cigarettes, valued at $80. So say we all."
The Supreme Court in construing this verdict and information together, because of the express reference in the verdict to the information, determined that the qualifying phrase "as charged in the information" related to the reception of the goods and defined the character of the act, the effect of which was a finding on each of the material elements of the crime charged. The verdict was sustained as being adequate.
Whitefield v. State, 1939, 137 Fla. 552, 188 So. 361, 364, was also a case in which the appellant was convicted of unlawfully purchasing, concealing, and aiding in the concealment of certain property which was alleged to have been stolen and to have been received by the appellant with knowledge by him that it had been stolen. The verdict of the jury was:
"We, the jury, at Miami, Dade County, Florida, this 2nd day of March, A.D., 1938, find the defendant Dewey Whitefield alias Tish Whitefield Guilty as charged. So say we all."
*288 This verdict was construed as responsive to the information and as being sufficiently certain.
So when we consider these verdict cases as they apply to the offenses under counts two and three, the words in the verdicts here specifically make reference to the respective counts upon which the verdicts were rendered. The distinction between the Harris case and the cases above referred to is easily discernible, since the verdict in the Harris case assesses guilt through receipt by the accused of "stolen goods", while the verdicts in the other cases by reference to the information express the essential element of knowledge. We, therefore, hold that the words in the two verdicts, referring to the count numbers thus, "as to count II" and "as to count III", are equivalent in effect to the words, "as charged", employed in the verdicts and construed in the cases of Licata v. State, and Whitefield v. State, and consequently are responsive to the offenses charged.
The sufficiency of the evidence to sustain the verdicts of guilty under counts two and three is also questioned. The legal principle is recognized in Florida that the possession of goods recently stolen does not as a matter of law raise a presumption of guilt of the possessor of knowingly receiving stolen goods, but the inference arising from such possession is purely a matter of fact to be passed upon by a jury. Hayward v. State, 1943, 152 Fla. 608, 12 So.2d 458, and King v. State, 1946, 156 Fla. 817, 24 So.2d 573. There was testimony that, immediately after his apprehension by a police officer, appellant concealed in a handkerchief certain rings shown to have been previously stolen from the owners named in counts two and three and divested himself of their possession by surreptitiously tossing them into a planter or a flower pot. Under the facts and surrounding circumstances the innocence or guilt of the appellant was a question for determination by the jury. The cases of Davis v. State, 1924, 87 Fla. 505, 100 So. 739; Bryan v. State, 1941, 148 Fla. 61, 3 So.2d 509; and Tidwell v. State, 1940, 143 Fla. 397, 196 So. 837, involving receipt of stolen goods known to have been stolen, sustain the instant case as to the sufficiency of the evidence.
Finally appellant contends that the judgment entered upon the verdicts returned under counts two and three of the information is materially defective. The judgment reads:
"You, Harry Thomas Channell, having been convicted by a jury of * *.
II. Receiving Stolen Property III. Receiving Stolen Property
"The Court now adjudges you to be guilty of said offense."
The judgment thus rendered is defective because there is no proper adjudication of guilt in that the judgment omitted the material element that the accused knew the goods were stolen. The judgment should be reversed with direction to the trial court that a proper and lawful judgment be entered. Mathis v. State, 1938, 134 Fla. 352, 184 So. 89.
It may be observed that appellant's sole defense was his testimony that he had never been in the home charged to have been broken into, nor had he ever had possession of the rings involved. On cross-examination by the state he admitted that he had been previously convicted of a felony. The evidence was conflicting and it is apparent that the jury placed no credence in his testimony.
To conclude, the judgment and sentence imposed under count one is hereby reversed and the trial court is directed to render proper judgment and sentence accordingly; and the judgment entered upon the verdicts under counts two and three is reversed and the trial court is directed to enter a proper and lawful judgment. This case is *289 remanded to the court below for proceedings not inconsistent with the opinion of this court.
Reversed.
ALLEN and SHANNON, JJ., concur.

On Petitions for Rehearing
KANNER, Chief Judge.
Both the appellant and the state have petitioned for rehearing. Appellant's petition primarily concerns this court's opinion as it pertains to misjoinder of offenses and to the sufficiency of the verdicts.
As to misjoinder of offenses, appellant asserts that the opinion of this court is in direct conflict with certain cases of the Florida Supreme Court, notably Houchins v. State, 1944, 154 Fla. 283, 17 So.2d 82; Shargaa v. State, Fla. 1958, 102 So.2d 814; McGahagin v. State, 1880, 17 Fla. 665; and Meade v. State, Fla. 1956, 85 So.2d 613, 59 A.L.R.2d 835.
It was the holding of this court that appellant's objection to the alleged misjoinder of offenses, having been presented for the first time on appeal, was interposed too late, since his motion to quash was not directed to a misjoinder and since there was no assignment of error specifying any discontent with the joinder of offense involved. See section 909.03(1), F.S.A. Also it was held that the information was not made to appear "so vague, indistinct, and indefinite as to mislead or embarrass the appellant in the preparation of his defense, nor to subject him to the danger of a new prosecution for the same offense. Section 906.25, F.S.A."
The cases cited by appellant do not appear to be controlling upon the instant case; rather it appears that they may be readily distinguished.
In Houchins v. State, 1944, 154 Fla. 283, 17 So.2d 82, 83, the opinion specifically states that the motion to quash was on the "ground that the information charged two separate, distinct and unrelated offenses". This was a factor totally lacking in the present case and precludes the Houchins case from having a determinative bearing. For this reason the Houchins case cannot be said to hold that, if a defect of misjoinder exists, it is necessarily so basic and fundamental that it may be raised for the first time on appeal and thereby require a reversal.
The Shargaa case involved the question of "whether a defendant may be charged in one information with having committed a felony upon which he is then about to be tried and having previously been convicted of an unconnected felony in order to lay the basis for punishment as a second offender in the event of his conviction of the currently alleged offense". The ground of the motion to quash filed in that case is not shown, but it clearly appears that throughout the trial the defendant objected to the introduction of evidence of his prior conviction. The Shargaa case, then, has but a tenuous resemblance to the present case, dealing as it did with the procedure for prescribing punishment as a second offender.
The McGahagin v. State case concerned an information containing only one count, which was afflicted with duplicity. Appellant's assertion is that prejudice which could result against a defendant through such a duplicitous information could be the same as that which might be generated where the information charges distinct offenses in separate counts. Authority, however, supports the principle that where an information or indictment is complained of as duplicitous, the defendant must make a timely attack on it; and if he delays until after rendition of the verdict to raise the issue of duplicity, he will be held to have waived it. Irvin v. State, 1906, 52 Fla. 51, 41 So. 785.
The case of Meade v. State was a capital case in which the defendant's objections to consolidation for trial under two separate *290 indictments for first degree murder were overruled. Conviction resulted under both indictments, and one verdict was without a recommendation of mercy. Judicial precedent and common sense, as well as constitutional and statutory provisions requiring more stringent care where the death penalty has been imposed, would be sufficient to differentiate the Meade case from the instant one. Not only were the charges and the defenses thereto so dissimilar as to prejudice fundamental rights of the defendant due to the consolidated trial, but the point had been raised repeatedly.
The case of Hall v. State, Fla. 1953, 66 So.2d 863, is more applicable in principle. That was a case involving two informations for separate larcenies of cattle. On motion of the state they were consolidated for trial, and no objection was made by the defendant. The offenses were similar, involved the same issues, and depended substantially on the same evidence. It was held that the defendant was not prejudiced.
An objection to an alleged misjoinder may be lost by failure to raise it at a propitious time prior to the appeal. See Wharton's Criminal Law and Procedure, Vol. 4, section 1855, at pp. 711-712; and section 1881, at p. 744. A motion to quash must state specifically the grounds and be directed to the defect attacked. Section 909.03(1), F.S.A.; and Wharton's Criminal Law and Procedure, Vol. 4, section 1854, p. 710. See also 27 Am.Jur., Indictments and Informations, section 187, p. 733, where it is said:
"It is the general rule, too, that defects and omissions may be waived by failure to specify them in challenging the sufficiency of the indictment or information; that is, the inclusion of certain grounds of objection in a motion to quash waives grounds of objection not specified."
Generally, a principle of basic and well established import is that distinct offenses may be joined in the same indictment or information under appropriate circumstances subject to sound judicial discretion. In Wharton's Criminal Law and Procedure, Vol. 5, section 1935, p. 37, it is said:
"It is the general rule, under the same principle, that two or more offenses committed by the same person may be joined in the same indictment or information, to meet the exigencies of the evidence, when they are of the same general nature or class of crimes, when the mode of trial and nature of the punishments are the same or similar, and when all the offenses grow out of the same transaction or series of transactions or connected transactions, even though the property forming the subject matter of the offense belonged to several different persons. This rule is especially applicable to an indictment which brings itself within the rule in express terms, with the qualfication in some of the cases that felonies so charged are of the same grade and belong to the same family of crimes, and are subject to the same mode of trial and nature of punishment."
Again in the same volume, section 1936, pp. 39-40, the following appears:
"In the absence of statute prohibiting the joinder of more than one offense in the same indictment, it is, in strict point of law, permissible to join several distinct offenses in separate counts in the same indictment, when all of the offenses charged are of the same general nature or class and are committed by the same offender although at different times, despite the facts that they may be punishable with different degrees of severity and that they may even involve the property of several different persons. It is obvious, however, that this practice, if uncontrolled by a wise judicial discretion, might easily lead to great oppression, and it is the general rule that the joinder in *291 the same indictment or information of several felonies is subject to the power of the court to quash the indictment or to compel an election by the state, when it is necessary in order to protect the accused from prejudice."
See also 27 Am.Jur., sections 129, 130, 131, pp. 687-690; and 17 Fla.Jur., Indictments and Informations, section 70, pp. 274-275.
These general principles and rules are definitely apposite to the present case wherein much of the evidence relative to the offenses charged grew out of the same series of events or from connected transactions. Certain aspects of the evidence were applicable alike to all three of the counts. The same or kindred issues were involved. The appellant has not shown that he was prejudiced by the joinder of offenses in the separate counts.
As to the sufficiency of the verdicts rendered, appellant contends that the opinion of this court conflicts with the cases of Renfroe v. State, 1918, 76 Fla. 392, 80 So. 183; and Harris v. State, 1907, 53 Fla. 37, 43 So. 311. The court has already distinguished and shown the inapplicability of the Harris case to the verdict in the present case. The Renfroe case, too, may be distinguished. In that case the verdict finding the defendant guilty was as follows:
"Indictment No. 1. We the jury find the defendant guilty of killing one ewe sheep belonging to George Allen of the first indictment. J.H. Tomkins, foreman."
The prepositional phrase "of the first indictment" did not refer back to nor encompass the charge laid in the indictment; rather this phrase modified and identified only "George Allen". But in the present case the qualifying phrases used by the jury in the verdicts under counts two and three were "as to count II" and "as to count III". These phrases qualify the verdicts in entirety. In Webster's New International Dictionary, second edition, the words "as to" are defined as meaning "as for; about; as regards; and according or in proportion to". The differentiating feature is that, by the phrases employed in the present case, the jury referred the verdicts in entirety to the counts of the information and to the charges laid in those counts. So the verdicts must be construed in the light of those charges. Additionally, in the Renfroe case, the Supreme Court in its consideration of the verdict indicated that the jury merely found that the defendant killed a sheep belonging to another, which without other circumstances did not constitute an offense known to Florida law. Further, the court pointed out that had the verdict found the "defendant guilty" or "guilty as charged in the indictment" it would have been sufficient.
In Barnhill v. State, Fla. 1949, 41 So.2d 329, the following statement appears at page 331:
"For with respect to jury verdicts in criminal cases generally the rule appears to be that while a verdict must be certain and impart a definite meaning free from ambiguity, all fair intendments should be made to sustain it. Hence, any words that convey beyond a reasonable doubt the meaning and intention of the jury are sufficient; even though it may be necessary in a given case to construe the verdict in the light of the information to determine such meaning and intention."
See also Henderson v. State, Fla. 1951, 55 So.2d 110; Swilley v. State, 1918, 76 Fla. 535, 80 So. 310; Licata v. State, 1921, 81 Fla. 649, 88 So. 621; and Yarborough v. State, 1927, 94 Fla. 143, 114 So. 237.
The history of the case of Elkins v. State, 1928, 95 Fla. 188, 116 So. 243, may be helpful, although the case is not factually in point. The Elkins case concerned, among other things, the sufficiency of a verdict in a prosecution for embezzlement, and the court held the verdict to be insufficient. Among the authorities relied upon for reversal were the Harris and Renfroe cases, supra. Subsequently, the court receded *292 from the holding of the Elkins case in Chavers v. State, Fla. 1950, 45 So.2d 180, another embezzlement case very similar to the Elkins case with respect to the verdict which had been rendered.
The Chavers and Barnhill cases are recent cases and indicate a relaxation of the stringency of the rule laid down in the Harris and Renfroe cases. However, the cases relied upon by appellant are plainly distinguishable from the present case in which the verdicts referred specifically to the counts of the information to which they applied; and with the benefit of all fair intendments and when construed in the light of the information, these verdicts leave no reasonable doubt of the meaning and intention of the jury. These principles are applicable alike to the verdicts rendered as to each count of the information.
Under the evidence and surrounding circumstances, the innocence or guilt of appellant was a question for determination by the jury, and this is sustained by the cases cited in the court's main opinion.
The petition of the state for rehearing questions the court's decision as to the jury's verdict of conviction under count one, reducing the offense of breaking and entering a dwelling with intent to commit a felony, grand larceny, to that of breaking and entering with intent to commit a misdemeanor, petit larceny. This requires no further comment.
The petition of neither the appellant nor the state warrants rehearing. Both petitions should be and are hereby denied.
ALLEN and SHANNON, JJ., concur.