DRIVER, B. J., Associate Judge.
This is the second appeal to this Court growing out of appellee Biesendorfer’s conviction under F.S.1967, 811.16, F.S.A., of the crime of receiving stolen property.
Biesendorfer v. State (Fla.App. 1969), 227 So.2d 322, was the first appeal. That appeal, brought by Biesendorfer, sought to have vacated and set aside the jury verdict, judgment of conviction and sentence. This court affirmed the jury verdict but did, however, vacate the judgment and sentence, reversed and remanded the cause to the trial court with directions that a proper and lawful judgment be entered and that Biesen-dorfer be justly sentenced.
The trial court, upon remand, on July 9, 1970, adjudged Biesendorfer guilty as charged and imposed a sentence of five years. Contemporaneous with the filing of the trial court’s written judgment, defendant filed a motion under CrPR 1.850, 33 F.S.A. to vacate and set aside judgment of conviction and sentence. Defendant’s motion to vacate was granted by order dated July 20, 1970, and judgment of conviction and sentence were set aside. The funda *148 ment of the order of July 20, 1970, is that the form of jury verdict finding defendant guilty is so defective that it will not sustain a judgment of guilt.
It is from this order of July 20, 1970, that the State appeals. We reverse.
The point relied upon by the trial court to vacate the judgment and sentence was squarely presented in the first appeal, Bie-sendorfer v. State, supra. It was decided adverse to Biesendorfer’s contention in the following language:
“The jury verdict found the defendant ‘guilty of the lesser included offense of receiving stolen property under the value of ONE HUNDRED ($100.00) DOLLARS.’ This verdict was defective, Myers v. State, 1934, 115 Fla. 627, 155 So. 797; Harris v. State, 1907, 53 Fla. 37, 43 So. 311, but was never attacked by a proper motion in arrest of judgment. There is thus no judicial act to be reviewed by us in connection with this point.”
The issue of the sufficiency of the jury verdict has been affirmed on direct appeal. This affirmance, upon remand, is binding upon the trial court. The correctness vel non of a ruling made on an issue actually decided on appeal cannot be the subject of further review under motions filed pursuant to CrPR 1.850. Such issues are res judicata. Culberson v. State (Fla.App.1969), 224 So.2d 363; Whitney v. State (Fla.App.1966), 184 So.2d 207; Mitchell v. State (Fla.App.1967), 203 So.2d 676; certiorari denied, 392 U.S. 913, 88 S.Ct. 2073, 20 L.Ed.2d 1371.
The other issues raised by appellant have not been overlooked, but in view of the foregoing holding we do not deem comment upon them necessary to disposition of the appeal.
The order of the trial court dated July 20, 1970, vacating judgment of conviction and sentence is hereby reversed and set aside and this cause remanded to the trial court with directions to reinstate the judgment and sentence, subject to the discretion of the trial judge to grant such modifications of judgment and sentence as he may deem the justice of the case to require.
Reversed and remanded.
WALDEN and REED, JJ., concur.