224 So.2d 341 (1969)
Robert Rocco COSTANTINO, Appellant,
v.
STATE of Florida, Appellee.
No. 68-616.
District Court of Appeal of Florida. Third District.
June 24, 1969.
Rehearing Denied July 23, 1969.
*342 Robert L. Koeppel, Public Defender, John H. Schulte and W.H. Stiles, Special Asst. Public Defenders, for appellant.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
PER CURIAM.
The appellant, Costantino, defendant below, was convicted of breaking and entering with the intent to commit grand larceny and sentenced to fifteen years in the State Penitentiary. This appeal followed.
The defendant seeks reversal of his conviction on the ground that the trial judge erred in refusing to admit into evidence the deposition of a witness who was absent from the State of Florida at trial. He claims that this witness would have established an alibi for him, in that they were together at a bar during the critical time.
The testimony of the owner of the building and three witnesses establishes that the defendant was in their presence from 1:30 A.M. until approximately 1:54 A.M. on the date in question. The testimony proffered by way of deposition from the alibi witness was vague, uncertain and indecisive as to the time that the defendant was with the alibi witness. The record reveals that on cross-examination, the "alibi witness" admitted that the defendant left the bar where they were together at approximately 1:30 A.M. and that he was alone. The building broken into was within close walking distance of the bar and on the way to the residence of the defendant.
The defense of an alibi, to be available, must cover the entire time when the presence of the defendant was required to accomplish the crime. Blackwell v. State, 79 Fla. 709, 86 So. 224, 15 A.L.R. 465 (1920); Caldwell v. State, 50 Fla. 4, 39 So. 188 (1905); Jones v. State, Fla.App. 1961, 128 So.2d 754.
The testimony of the "alibi witness", even if admitted into evidence by deposition, does not sufficiently establish that the defendant was with the "alibi witness" during the entire time his presence was required under the law.
Defendant's next argument for reversal is directed toward the denial by the trial court of his motion for mistrial. During the trial the defendant moved for a mistrial, claiming that he was prejudiced by the jury having seen a piece of a door frame from the building in question and that it had "pry marks" on it. The piece of wood was excluded from evidence on technical grounds and defendant says that the effect of the jury seeing it was so prejudicial as to require reversal of the conviction. The court, in denying the motion for mistrial, stated that if any prejudicial error had occurred, it had been cured by the proper introduction in evidence of two photographs which showed certain pieces "of that exhibit for identification", i.e., the piece of wood from the door frame.
*343 The proper question before us on this appeal, under these circumstances, is whether the trial judge was correct in his ruling that the prejudice, if any, was cured by the introduction of the two photographs into evidence. We are unable to determine this question because the two photographs are not in the record on appeal. The appellant may not present an alleged error for appellate consideration on an incomplete record if the omitted matter might affect the determination of the reviewing court. Nelson v. State, Fla. 1956, 85 So.2d 832; Albritton v. State, 54 Fla. 6, 44 So. 745 (1907).
We have examined the other points argued by the defendant for reversal and find them to be without merit.
The judgment and sentence of the trial court are
Affirmed.