PER CURIAM.
The appellant pleaded nolo contendere to a charge of breaking and entering a dwelling with intent to commit grand larceny. He was arrested on July 26, 1971, hut thereafter failed to appear for trial and was later served with an alias capias on December. 6, 1972 in the Broward County Jail. He was brought to trial on April 16, 1973. The question raised on this appeal is whether the court erred in denying a motion for discharge pursuant to the speedy trial rule presented to the trial court on April 16, 1973. The defendant claimed discharge pursuant to Rule 3.191(b)(1), CrPR, 33 F.S.A.
We hold that the trial court correctly found that the defendant had not cárried the burden imposed by Rule 3.191(e), CrPR, 33 F.S.A., which states that the accused “ . . . must by competent proof establish continuous availability”. In this case, the appellant suggested that an assistant state’s attorney must have known of his whereabouts because of matters not reflected in the record. This was not sufficient.
Affirmed.