321 So.2d 597 (1975)
The CAPE CORAL BANK, a Florida Banking Corporation, As Guardian of the Estate of Loretta Arrowood, Incompetent, Appellant,
v.
Olivia M. KINNEY, Appellee.
No. 74-1439.
District Court of Appeal of Florida, Second District.
October 15, 1975.
Rehearing Denied November 26, 1975.
*598 Fred R. Dudley of Adderly, Aloia & Dudley, Cape Coral, for appellant.
J. Carl Magaha of Magaha & Fassett, Fort Myers, for appellee.
GRIMES, Judge.
This is an appeal from a judgment for the defendant, Olivia M. Kinney.
Mrs. Loretta Arrowood, aged 79, had on deposit in her name the sum of $10,646.67 in First Federal Savings and Loan Association of Fort Myers. On January 8, 1971, Mrs. Arrowood, accompanied by Mrs. Kinney, went to the Cape Coral office of First Federal where she closed this account and opened a new one in the name of "Arrowood; Loretta C. and/or Kinney; Olivia M. Mrs. as joint tenants with right of survivorship and not as tenants in common." Several days later Mrs. Arrowood visited her sister-in-law in Cape Coral and asked her to explain the "disappearance" of the money out of her recently closed savings account. The sister-in-law made some inquiries and finally lodged a complaint of possible fraud with the Lee County Sheriff's Department.
On January 10, 1971, one of the detectives talked to Mrs. Kinney about this. Mrs. Kinney asserted that she was only trying to help Mrs. Arrowood. She said, "To show you I'm not trying to steal the money, here's the passbook." Thereupon, the detective delivered the passbook to First Federal.
On January 25, 1971, the Cape Coral Bank was appointed guardian of Mrs. Arrowood's property based upon a judicial finding that she was mentally incompetent. On February 4, 1971, the bank, as guardian, sent to First Federal a letter requesting withdrawal of all of the monies from the joint account together with an executed withdrawal slip and a copy of the letters of guardianship. Though Mrs. Kinney had not sought to make a withdrawal, First Federal apparently feared a claim in her behalf and refused to pay the money to the bank.
The bank as guardian then filed suit seeking a declaration of its right to the funds in the savings account, joining as defendants first Mrs. Kinney and thereafter First Federal. First Federal filed an interpleader by way of counterclaim and cross-claim and tendered all of the money in the savings account into the registry of the court on February 9, 1973. Mrs. Arrowood died on February 22, 1974.
For purposes of this appeal, we need not consider the evidence touching upon the questions of fraud, undue influence and mental incompetency. The record reflects that the bank as the duly appointed guardian of Mrs. Arrowood had *599 made a proper request for withdrawal from the savings account at a time when the passbook was in First Federal's possession. Fla. Stat. § 665.301 (1969). Standing in the shoes of its ward as a joint owner of the account, the bank had the right to withdraw the funds. Fla. Stat. § 665.271 (1969). The request for withdrawal should have been honored by First Federal. The fact that Mrs. Arrowood died three years later does not entitle Mrs. Kinney to the proceeds of the account as her survivor. Had Mrs. Arrowood died soon after the request for withdrawal was denied, a different question might be presented. However, in the interim, the suit for declaratory judgment had been filed, First Federal had filed an interpleader, and the money had been removed from the account and placed in the registry of the court. The issues were drawn concerning the bank's authority to withdraw long before Mrs. Arrowood died.
The judgment is reversed and the case is remanded for further proceedings consistent herewith.
BOARDMAN, A.C.J., and SCHEB, J., concur.

ON PETITION FOR REHEARING
GRIMES, Judge.
Mrs. Kinney has filed a petition for rehearing in which she complains that our opinion appears to reach certain conclusions concerning the evidence which would constitute the law of the case and thereby prevent her from introducing evidence in her behalf. She correctly states that the judgment on appeal was entered upon a motion for involuntary dismissal under RCP 1.420(b), so Mrs. Kinney was never called upon to present her side of the case. This was the reason why we remanded the case for further proceedings rather than directing the entry of a final judgment for the bank.
By the manner in which this case was argued by both parties, there was never any intimation that further evidence might be available upon the issues involved. Nevertheless, we wish to make clear that the conclusions of law reached in our opinion are predicated upon the assumption that the facts set forth therein are correct. Our opinion should not be construed as prohibiting Mrs. Kinney from attempting to disprove these facts or to present such other evidence as would have been proper had the motion for dismissal not been granted.
Petition denied.
BOARDMAN, A.C.J., and SCHEB, J., concur.