323 So.2d 674 (1975)
Louis MONTALVO, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-220.
District Court of Appeal of Florida, Third District.
December 9, 1975.
Rehearing Denied January 9, 1976.
George Nicholas and James K. Parker, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
*675 PER CURIAM.
Defendant appeals his conviction of manslaughter and alleges the trial court erred in denying his motion for discharge on the grounds that he was deprived of his right to a speedy trial pursuant to RCrP 3.191(a)(1).
On October 2, 1973, defendant, Louis Montalvo, was arrested for second degree murder. On October 11, he was discharged following a preliminary hearing. On the same date, the State filed an information charging the defendant with second degree murder, but no capias was issued. On October 25, the clerk sent notice to appear for the arraignment to the defendant who did not receive it because he had changed his address after the preliminary hearing. Having failed to appear at the arraignment, on October 30 an alias capias was issued for the defendant. Subsequently, on September 2, 1974 the defendant was arrested on this capias. He filed a motion for discharge which was heard on October 18 and denied on December 3. The proceedings of the October 18 hearing have not been included in the record on appeal. Thereafter, the State reduced the charge to manslaughter and defendant entered a plea of nolo contendere. Following entry of the judgment of conviction, defendant perfected this appeal from the denial of his motion to discharge.
It repeatedly has been held that an appellant may not present an alleged error for appellate consideration on an incomplete record if the matter might affect the determination of the reviewing court. Costantino v. State, Fla.App. 1969, 224 So.2d 341, 343 and Royal Flair, Inc. v. Cape Coral Bank, Fla.App. 1971, 251 So.2d 895.
The defendant having failed to appear at the arraignment, the burden devolved upon him to establish at the hearing on his motion for discharge by competent proof his continuous availability for trial pursuant to RCrP 3.191(e).[1] See Pedro v. State, Fla.App. 1973, 287 So.2d 397.
There being absent from the record the proceedings and arguments of counsel presented to the trial court at the October 18 hearing on appellant's motion to dismiss, we cannot determine whether appellant proved his availability for trial and whether the trial court's denial of his motion was erroneous. See Hall v. State, Fla.App. 1975, 309 So.2d 248.
Affirmed.
NOTES
[1] "(e) Availability for Trial. The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged; no persumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term."

* * * * *