PER CURIAM.
The State of Florida seeks reversal of an order dismissing indictments for (1) conspiracy to solicit bribes, and (2) soliciting bribes and discharging the defendants. A review of the record presents the following involved legal skirmishes:
Edward J. Connell, City Manager of North Miami, was indicted for allegedly having accepted a bribe in connection with a bid to build tennis courts at Pepper Park. Prior to this trial, defendant-appellees herein, Robert Hough, Anthony DeLucca and William Valentine, then City of North Miami Councilmen, were subpoenaed to appear at the State Attorney’s office to give testimony concerning the Pepper Park project. Valentine and Hough also testified at Connell’s first trial which ended in a mistrial. Connell eventually pleaded guilty and agreed to testify as to his knowledge of public corruption in North Miami. Thereafter, on March 28, 1973 Hough, De-Lucca and Valentine were indicted for (1) conspiracy to solicit bribes, and (2) soliciting bribes in connection with contracts for work to be done at the Sans Souci Tennis Complex (Case No. 73-2513) and Pepper Park (Case No. 73-2514). On April 3, 1973 Hough and DeLucca were indicted on the same charges with regards to contracts for extending the storm sewer system in the City (Case No. 73-2692) and the furnishing of water and sewer facilities for Interama (Case No. 73-2693). Defendants filed motions to dismiss on the ground, inter alia, of being immunized from prosecution on these charges pursuant to § 914.-04, Fla.Stat., F.S.A.[1] The trial judge in June 1973 denied these motions based upon his finding that although each defendant, after being subpoenaed by the State, furnished to the prosecution information which constitutes a link in the chain of evidence necessary to sustain a conviction in the instant case, this information was not incriminating in of itself. Defendants then petitioned the Florida Supreme Court for a writ of mandamus, and on September 13, 1973 the Supreme Court issued a rule to show cause why mandamus should not issue. Following this rule to show cause, the Supreme Court on November 9 issued a supplemental writ commanding the trial judge to hold an evidentiary hearing to determine whether there was sufficient independent unrelated evidence to justify prosecution and in the absence of such evidence to dismiss the charges. Upon the defendants’ motion to vacate and motion for reconsideration directed to the November 9 supplemental writ, the Supreme Court issued an opinion clarifying the writ *100 wherein it set out guidelines for the trial judge to follow (287 So.2d 282). In accordance with the mandate of the Supreme Court, an evidentiary hearing was held by the trial judge who entered the following order on April 2, 1974:
“FINDINGS OF FACT
“The court finds as matters of fact that:
“a. The defendants were each subpoenaed and, pursuant thereto, did appear under compulsion of said subpoenas, on two separate occasions, before assistant state attorneys in connection with the prosecution of Edward Connell for alleged bribery offenses committed while Connell was the City Manager of the City of North Miami.
“b. While the defendants at no time were placed under oath by the assistant state attorneys on these two occasions, they freely and fully responded to all inquiries propounded by assistant state attorneys concerning the processes involved in soliciting bids upon contracts in the City of North Miami, the processes involved in awarding contracts in the City of North Miami, the functions of the City Council on the one hand and the City Manager on the other hand insofar as contractual negotiations were concerned in the City of North Miami and, specifically, the ‘Pepper Park’ and ‘Sans Souci’ projects (the latter two projects being the subject matter of the charges in Case Nos. 73-2514 and 73-2513 respectively).
“c. Additionally, defendants Hough and Valentine testified before a court and jury, under oath, after being subpoenaed by the State, as to the same ‘transaction, matter or thing’ now encompassed in the charges lodged against them in Case No. 73-2514.
“d. Without Edward Connell’s testimony, the State concedes .it could not prove the material allegations of the charges against the respective defendants.
“e. The State concedes that Edward Connell gave diametrically opposed testimony under oath, on two separate occasions, when questioned about material allegations concerning bribery or the transfer of money.
“This Court does not condone the procedure utilized by the assistant state attorneys in calling these defendants in, under subpoena, and eliciting information from them without placing the defendants under oath. Nevertheless, the Court does not believe that immunity attaches under Florida Statute § 914.04 for any information thus obtained. It is the opinion of this Court that an oath is required in order to activate the immunity provisions of said statute. But for this Court’s interpretation of the law in this respect, this Court would declare that all three defendants received transactional immunity from prosecution for the charges lodged against them in Case Nos. 73-2513 and 73-2514. This Court feels, however, that it is precluded by the mandate from the Florida Supreme Court from making any determination as to the Legislative intent behind said statute.
“It is the opinion of the Court that testimony of Edward Connell is perjurious in nature and unworthy of belief.
“It is the further opinion of the Court, however, that in deciding whether there is ‘sufficient independent evidence to justify prosecution,’ this Court does not have the power to make a determination as to the credibility of the witness Edward Connell; that determination is for the finder of fact. But for this Court’s determination that it cannot consider credibility in determining whether there is ‘sufficient independent evidence to justify prosecution’ of these defendants, the Court would dismiss all of the *101 charges against all of the defendants on the grounds that such evidence does not exist:
“Based upon the above findings of fact, and solely because of the Court’s interpretation of the mandate from the Supreme Court and the applicable law as stated above, it is
“ORDERED AND ADJUDGED”
“1. The charges in Case No. 73-2514 should be and are hereby dismissed as to the defendants Hough and Valentine, said defendants having been granted transactional immunity as to such charges.
“2. The testimony of the defendants Hough and Valentine, given in open court in the case of State v. Connell and Williams (Case No. 72-4703) is protected by use immunity, and neither said testimony nor any evidence obtained as a result thereof shall be received in evidence against the said defendants.
“3. Sufficient independent evidence does exist to justify prosecution of the defendant DeLucca in all pending cases, of defendant Valentine in Case No. 73-2513, and of defendant Hough in Case Nos. 73-2513, 73-2692 and 73-2693.”

After entry of this order, the defendants petitioned the Supreme Court which on ■ October 3, 1974 issued the following alternative writ of mandamus: ■
*: ‡ * ‡ * >j<
“WHEREAS, the Court has directed that Supplemental Writ issue,
“NOW, THEREFORE, this is to command you, the Honorable David Popper, as Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, to enter an Order dismissing the indictments against petitioners in the Circuit . Court of the Eleventh Judicial Circuit in and for Dade County, Florida, or show cause on or before October 23, 1974, why writ of mandamus should not issue as prayed.”

On October 21 a hearing pursuant to this writ was held and at the conclusion, the judge entered an order dismissing all the indictments and discharging the defendants. The State appeals.
The Supreme Court’s October 3 mandate commanding the trial court to dismiss the indictments or to show cause why the writ of madamus should not issue presupposes an evidentiary hearing before the trial court at which the burden is upon the State to show why the indictments should not be dismissed. In the case at bar, the State having filed only an unsupported motion directed to the October 3 alternative writ of mandamus and no record of the proceedings of the October 21 hearing being transcribed and furnished to this court — no showing has been made that the trial court erred in complying with the mandate of the Supreme Court. See Constantino v. State, Fla.App. 1969, 224 So.2d 341; Royal Flair, Inc. v. Cape Coral Bank, Fla.App.1971, 251 So.2d 895; Hall v. State, Fla.App.1975, 309 So.2d 248; Montalvo v. State, Fla.App.3d 1975, 323 So.2d 674.
Affirmed.

. “914.04 Witnesses; person not excused from testifying in certain prosecutions on ground testimony might incriminate him ; immunity from prosecution
“No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, state attorney, or county solicitor, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon' the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.”