PER CURIAM.
Appellant, Juan Abascal, appeals from a revocation of probation order and concurrent sentences of six months to five years imprisonment.
Defendant was charged in three separate informations of issuing worthless checks on three occasions. After entry of pleas of nolo contendere, adjudications of guilt were withheld and defendant was placed on three years probation. As a condition of probation he was ordered to make full restitution. Thereafter, an affidavit of violation of probation was filed charging defendant with failure to comply with the restitution condition' in that he did not fulfill his commitment to make a $100 payment on April 2, 1976 and to continue payments in that amount each three weeks thereafter. A revocation of probation hearing was held and the trial judge revoked defendant’s probation. The judge then entered three judgments of conviction and concurrent sentences of six months to five years imprisonment.
Appellant first contends that the trial judge imposed unlawful sentences upon revoking his probation. We cannot agree.
Upon the revocation of a defendant’s probation, a trial court may sentence the defendant for the same period of years as the court could have originally imposed. State v. Jones, 327 So.2d 18 (Fla.1976). Defendant was convicted of unlawfully obtaining services by means of issuing worthless checks, third degree felonies [Section 832.-05(2)(b), Florida Statutes (1975)] which are punishable for a term of imprisonment not exceeding five years [Section 775.082(3)(d), Florida Statutes (1975)]. Thus, the sentences were lawful.
*398 Defendant also argues that -the trial judge erred in not permitting him to present at the revocation of probation hearing as witnesses the victims of the crime and character witnesses.
A review of the record reveals that appellant has omitted the transcript or clerk’s minutes of the revocation hearing. The record being incomplete, we cannot consider this matter and must affirm the trial court. See Nelson v. State, 85 So.2d 832 (Fla.1956); Williams v. State, 222 So.2d 428 (Fla. 4th DCA 1969); Costantino v. State, 224 So.2d 341 (Fla. 3d DCA 1969).
Affirmed.