LETTS, Judge.
The State takes this appeal pursuant to Chapter 924.071 Fla.Stat. (1975), from an order suppressing evidence by reason of a defective search warrant. We reverse.
Having once successfully appealed a criminal conviction, a defendant is not entitled, during a new trial, to again raise matters previously expressly passed upon and found to be without merit by the appellate court.
Appellant was originally convicted of possession of both cocaine and marijuana and based his first appeal to this court on several grounds. In reversing the convictions, and ordering a new trial, Judge Owen said:
“Of the several points he urges as error on appeal, WE FIND MERIT IN ONLY ONE, that relating to improper and prejudicial remarks made by the prosecutor in his closing argument to the jury.” (Emphasis supplied). Thompson v. State, 318 So.2d 549, 550 (Fla. 4th DCA 1975).
One of the points raised in that appeal was that:
“THE COURT ERRED BY HOLDING THE SEARCH WARRANT TO BE VALID AND IN ALLOWING INTO EVIDENCE ITEMS SEIZED FROM A PREMISE NOT DESCRIBED IN THE WARRANT.”
Under the heading of the above quoted point on appeal, the appellant argued, in particular, that the wording of the warrant was insufficient to permit a search of the curtilage. This is exactly the same argument which he successfully raised again during the new trial.
*430 In our opinion, by finding that only one point on appeal had merit, Judge Owen affirmatively rejected the argument that this warrant was invalid. This being so, the question of its validity became the law of the case. Accordingly, it was error for the trial judge, during the pendency of the new proceedings, to grant a motion to suppress the evidence seized, because of the insufficiency of the very same warrant.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
ALDERMAN, C. J., and MOORE, J., concur.