PER CURIAM.
Percy Rollins was charged by information with second degree murder. He was found guilty by a jury, adjudged guilty by the court and sentenced to a term of imprisonment for life. He presents for review two points, each of which merits discussion.
The first point we discuss is defendant’s contention that he was entitled to discharge pursuant to the speedy trial rule [1] upon his motion filed January 17, 1977. Appellant’s brief lists eleven continuances in the trial of this cause. He admits that many were at his request and others with his agreement. The defendant has not furnished us with the record of the proceedings at some of these continuances. At the time that the trial judge denied the motion for discharge, he cautioned the defendant that his ruling was based upon waiver of the rule and requested on the record that in the event of appeal of his ruling, the defendant should bring to this court the record of all continuances. This was not done. Accordingly, we find no error under this point upon this record. Cf. Montalvo v. State, 323 So.2d 674 (Fla.3d DCA 1975).
The Defendant’s remaining point shows reversible error on this record. It is as follows:
*951 “Where the defendant was charged with second degree murder, the failure of the trial court to instruct the jury on third degree murder when so requested by the defendant, constituted error per se and thus the defendant was deprived of his right to be pardoned by the jury and his constitutional right to trial by jury in violation of the Sixth and Fourteenth Amendment to the Constitution of the United States and Article 1, Sections 9 and 16 of the Constitution of the State of Florida.”
In Brown v. State, 206 So.2d 377 (Fla.1968), the Supreme Court of Florida directed:
sk :fc sis & sk
“Section 919.14, applies only to those crimes which are divided into degrees, e.g., unlawful homicide (Fla.Stat. §§ 782.-04, 782.06, F.S.A.), and, arson (Fla.Stat. §§ 806.01-806.04, F.S.A.). If an accused is charged with the highest degree of such a crime, the court should charge the jury on all lesser degrees. In this category it is immaterial whether the indictment specifically charges the lesser degrees or whether there is any evidence of a crime of such degree. Killen v. State, 92 So.2d 825 (Fla.1957); Brown v. State, 124 So.2d 481 (Fla.1960). The court must instruct on the lesser degrees simply because § 919.14 clearly requires it, and not because such degrees are necessarily included lesser offenses. In many cases the elements of the lesser degrees are totally distinct from the offense charged.”
M * * * if! *
It should be noted that the pardoning power of a jury is a creature of legislative lineage. Formerly, Section 919.14, Florida Statutes (1969), provided:
“If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.”
This statute has become codified in what is now Fla.R.Crim.P. 3.490.
The State contends that this provision of the law has been changed by State v. Jefferson, 347 So.2d 427 (Fla.1977) and Adams v. State, 341 So.2d 765 (Fla.1976). We must respectfully disagree and adhere to the law as explicitly stated by the Supreme Court. Therefore, the defendant must be accorded a new trial. See State v. Abreau, 363 So.2d 1063 (Fla.1978).[2]
The judgment and sentence are reversed and the cause remanded with directions to grant the defendant a new trial.

. Fla.R.Crim.P. 3.191(d)(3).

. Petition for Rehearing presently pending before the Florida Supreme Court.