BASKIN, Judge.
In the second appearance of this matter before this court, the state appeals an order discharging the defendant for speedy trial violations. We reverse.
Defendant Percy Rollins first appealed his conviction for second degree murder and sentence of life imprisonment. Rollins raised two points in that appeal: first, that he was entitled to discharge under the speedy trial rule, and second, that the trial court erred in failing to instruct the jury on lesser degrees of the offense charged.
In disposing of the question concerning speedy trial, this court stated:
The first point we discuss is defendant’s contention that he was entitled to discharge pursuant to the speedy trial rule upon his motion filed January 17, 1977. Appellant’s brief lists eleven continuances in the trial of this cause. He admits that *620 many were at his request and others with his agreement. The defendant has not furnished us with the record of the proceedings at some of these continuances. At the time that the trial judge denied the motion for discharge, he cautioned the defendant that his ruling was based upon waiver of the rule and requested on the record that in the event of appeal of his ruling, the defendant should bring to this court the record of all continuances. This was not done. Accordingly, we find no error under this point upon this record. Cf. Montalvo v. State, 323 So.2d 674 (Fla. 3d DCA 1975).
Rollins v. State, 369 So.2d 950 (Fla. 3d DCA 1978). [Footnote omitted]
Although this court found no error in the denial of the motion for discharge, it determined that the trial court committed reversible error in failing to instruct the jury on the lesser included offense of third degree murder. The judgment and sentence imposed upon Rollins were reversed and the cause was remanded with directions to grant a new trial. Rollins v. State, supra.
On remand, defendant presented the trial court with a complete record of the proceedings containing the various continuances granted prior to the first trial and again moved the trial court for a discharge. The state, stressing the fact that Rollins was complaining of the same violations of the speedy trial rule that had been raised before, argued that the question had been considered and decided by the appellate court and was no longer open for consideration. The trial court, however, concluded that the appellate court had not reached the' merits of the question because the record was insufficient. We disagree.
The prior decision of this court affirmed the trial court’s denial of the defendant’s motion for discharge. This court did not abstain from considering the question, nor did it remand the speedy trial issue to the trial court for further consideration. Cf. Vargas v. State, 252 So.2d 586 (Fla. 2d DCA 1971) (where the appellate court remanded for a full consideration of the speedy trial claim and noted that a new trial may or may not follow depending on the disposition of the speedy trial claim.)
Because this court adjudicated the propriety of the denial of the motion to discharge, the opinion of this court must be treated as the law of the case on the speedy trial issue.[1] Haddock v. State, 141 Fla. 132, 192 So. 802 (1940); State v. Thompson, 357 So.2d 428 (Fla. 4th DCA 1978); and State v. Biesendorfer, 244 So.2d 147 (Fla. 4th DCA 1971). An affirmance predicated upon the presumption of correctness afforded a judgment of the trial court is no less a disposition of the cause because no record was presented in rebuttal.[2] See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Since this court had already decided the speedy trial question on the record before it and had issued its mandate, the trial court erred in reconsidering the issue without permission of this court. Modine Manufacturing Co. v. ABC Radiator, Inc., 367 So.2d 232 (Fla. 3d DCA 1979). Without leave of this court, the trial court had no power to vacate or set aside a prior judgment of this court. Joyner v. Ettinger, 382 So.2d 31 (Fla. 1st DCA 1980); State v. Thompson, supra.
*621 Therefore, the order of the trial court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

. Rollins v. State, 369 So.2d 950 (Fla. 3d DCA 1978) was decided under the 1962 Florida Appellate Rules. Compare Rule 9.200(f)(2), Florida Rules of Appellate Procedure, which provides:
If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined because the record is incomplete until an opportunity to supplement the record has been given.
The committee notes to this rule make it clear that “[al failure to supplement the record after notice by the court may be held against the party at fault.” (Emphasis added)

. This case does not fall within the exception to the doctrine of the law of the case based upon a different factual posture on remand. Cape Coral Bank v. Kinney, 321 So.2d 597 (Fla. 2d DCA 1975) and Walker v. Atlantic Coastline Railroad Co., 121 So.2d 713 (Fla. 1st DCA 1960). Here, the facts remained unchanged; they were simply presented to the court in the proper manner.