LEHAN, Acting Chief Judge.
Defendant appeals his convictions for attempted sexual battery and robbery. We affirm the convictions but remand for correction of the judgment.
Prior to defendant’s trial, the trial court granted a motion by defense counsel for the appointment of an expert to determine defendant’s sanity at the time of the alleged offenses and his competency to stand trial. Several days later the trial court considered a suggestion of incompetency filed by defense counsel and entered an order which stated that the court had reasonable grounds to believe that the defendant was incompetent to stand trial. The order appointed two experts who were to examine defendant and file their written reports with the court.
Subsequently a new trial judge and a new assistant public defender were assigned to this case. The record contains no further reference to defendant’s sanity or competency, aside from a statement by the assistant state attorney during a pretrial bench conference that one of the continuances of the trial had been caused by the suggestion of incompetency filed by defense counsel. Upon request by the current defense counsel, the clerk of the cir *455 cuit court has filed with this court a certificate stating that after a diligent search she has failed to find any orders, transcripts of hearings or medical reports concerning defendant’s competency or the appointment of the experts.
Defendant’s first contention on appeal is that his convictions should be vacated because the trial court erred in not conducting a hearing to determine defendant’s competency to stand trial. Defendant would be correct if the record established that no determination of competency had been made. However, we do not necessarily equate the absence in the record of such a determination with there having been no such determination. Cf. Montalvo v. State, 323 So.2d 674 (Fla. 3d DCA 1975). Accordingly, we affirm on this issue without prejudice to this issue being raised in a motion pursuant to Fla.R.Crim.P. 3.850, which would allow the trial court to receive evidence, if necessary, and determine whether the issue had been addressed prior to trial.
Defendant’s second contention is that the trial court erred in denying his motion to suppress the victim’s out-of-court and in-court identification of defendant. We disagree. See Grant v. State, 390 So.2d 341 (Fla.1980); State v. Billue, 497 So.2d 712, 714 (Fla. 4th DCA 1986).
As to defendant’s third contention, the state concedes that the judgment should be corrected to show that the conviction for attempted sexual battery is a second-degree, rather than a first-degree, felony.
The convictions and sentence are affirmed, but the cause is remanded for correction of the judgment as indicated above.
PATTERSON and ALTENBERND, JJ., concur.