## STATE OF FLORIDA v MARCINIAK

Case No. 84-0075AC10 (Lower Case No. 84-8891MM10)

Seventeenth Judicial Circuit, Broward County

March 22, 1991

**APPEARANCES OF COUNSEL**

**James P. McLane,** Assistant State Attorney, for appellant.

**Robert L. Bogen, Esquire,** for appellee.

## OPINION OF THE COURT

STANTON S. KAPLAN, Circuit Judge.

THIS CAUSE comes before the Court upon the appeal of an order

granting Defendant's Motion for a Speedy Trial Discharge dated September 7, 1984.

The Appellee was arrested on April 22, 1984 and charged by Information filed May 3, 1984 with driving while under the influence of alcoholic beverages and with having an unlawful blood alcohol count contrary to Florida Statutes, §§ 316.193(1)(a) and (b).

The case was continued in July 1984 because the State failed to provide discovery. The State argues that the continuance was granted jointly and that the defense waived its right to speedy trial. After the trial court granted Appellee's Motion for Discharge on September 7, 1984, the State timely filed a Notice of Appeal.

The State argues that the defense waived its speedy trial rights when it agreed to a joint continuance in July. Generally, the rule is that a defense continuance tolls the speedy trial time. *State v Vokojeveck,* 392 So.2d 297 (Fla. 2d DCA 1980).

The court in *Montalvo v State,* 323 So.2d 674 (Fla. 3d DCA 1975), however, stated, ". . . it has been repeatedly held that an Appellant may not present an alleged error for appellate [review] on an incomplete record if the matter might affect the determination of the review court." In order for this reviewing court to properly resolve this matter the Appellant should have provided a copy of the transcript of the July hearing. Fla.R.App.Proc. Rule 9.200(e) *See also, Constantino v State,* 224 So.2d 341, 343 (Fla. App. 1969) and *Royal Flair, Inc. v Cape Coral Bank,* 251 So.2d 895 (Fla. App. 1971).

The defense, on the other hand, argues that the first continuance (July hearing) like the second continuance, was granted due to the State's failure to provide discovery. Supplying a party with discovery demands is vital in preparing a case for trial.

Case law is clear on the issue that discovery must be furnished within sufficient time to permit the defendant to make use of it without having to forfeit his right to speedy trial, and when discovery is not furnished, the court may continue a case at the *state's expense* beyond the speedy trial limits even if such continuance effectively results in the discharge of the defendant. *State v DelGaudio,* 445 So.2d 605, 611 (Fla. 3d DCA 1984).

In the case at bar the discovery demand was filed with the court on June 5, 1984. On the date of the second trial date (August 29, 1984) the defense was granted a continuance because this demand had not been complied with. Due to the fact that the second continuance was granted solely due to the State's failure to provide discovery, it stands

to reason that the first continuance was charged to the State for the same reason.

Accordingly, it is hereby,

ORDERED and ADJUDGED that the trial court order granting Appellee's Motion for Speedy Trial Discharge is AFFIRMED.

DONE and ORDERED in chambers, at Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Broward County, Florida, 33301, this 22nd day of March, 1991.